# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

HAROLD COUCH,
     Plaintiff,

     vs

FAISAL AHMED, et al.,
     Defendants.

Case No. 1:14-cv-751

Black, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this civil rights action against defendants Faisal Ahmed, Rosie Clagg, Donald Morgan, Stuart Hudson, Gary Mohr, and the Ohio Department of Rehabilitation and Corrections (ODRC).   By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.   This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.   *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."   *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.   *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).   A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.   *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th

Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265,

2

286 (1986)). Although a complaint need not contain "detailed factual allegations," it must

provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*,

556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action will not do."

*Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]"

devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at

93 (citations omitted).

Plaintiff, who is proceeding pro se, brings this action against defendants under 42 U.S.C. §

1983. According to the complaint, plaintiff had an MRI performed on his back on June 9, 2014, at

the Ohio State University Hospital. (Complaint p. 6, Doc. 1-1 at PageID 15). After review of the

MRI, a surgeon discovered a number of issues that caused plaintiff to live with chronic pain,

numbness, tingling, and disruptions in plaintiff's balance that resulted in frequent falls. (*Id.*).

The surgeon informed plaintiff that what concerned him most was severe "cervical spinal

stenosis," that surgery was needed "sooner rather than later," and that plaintiff faced catastrophic

damage without it—including paralysis. (*Id.*). Plaintiff notes that two other doctors confirmed

the surgeon's findings. The doctors recommended (1) that a cardiac heart monitor implanted in

August of 2013 be removed; (2) that plaintiff receive physical therapy; and (3) that plaintiff should

be sent to the "Ortho Clinic" so that a date could be set for his surgery. (*Id.* at 7, PageID 16).

Plaintiff alleges that defendant Dr. Ahmed refused to provide him with the recommended

care. According to plaintiff, Dr. Ahmed has mistreated him since plaintiff arrived at SOCF in

October of 2012. Plaintiff claims that Ahmed confused him with another inmate in a different

institution that gave him problems previously.   (*Id.* at 5, PageID 14).   In any event, plaintiff maintains that Ahmed told him that he would not receive the recommended treatment/surgery and even if it did happen, he would make certain that plaintiff would not receive pain medication—that "he was going to make [plaintiff] live in pain for [his]entire stay in prison."   (*Id.*at 7, PageID 16).   Plaintiff alleges that Ahmed informed him that plaintiff's medical file will say what Ahmed wants it to, as "papers can be altered, lost or misfiled."   (*Id.*at 8, PageID 17).   With regard to the removal of the heart monitor, plaintiff (who suffers from atrial fibrillation) claims that Ahmed said that if he died the monitor would provide a record of what his heart was doing at the time.   (*Id.*).   Plaintiff claims that instead of providing him with physical therapy, that Ahmed has discontinued the use of his cane, subjecting him to falls due to his lack of balance.   (*Id.*).   Finally, he claims that Ahmed stated that he was not a candidate for the surgery because of his multiple falls.   (*Id.*).

Plaintiff claims that he has attempted to contact the other defendants named in this action regarding Ahmed's alleged failure to provide him with adequate medical care.   According to plaintiff, defendant Clagg—the SOCF Health Care Administrator—"lets [Ahmed] get away w/ his mistreatment."   (*Id.* at 5, PageID 14).   Plaintiff also claims to have contacted defendant Health Care Manager Hudson, also to no avail.   (*Id.* at 9, PageID 18).   He further contends that he has written defendant warden Donald Morgan and director Gary Mohr, who both failed to respond to his complaints.   (*Id.* at 7, 9, PageID 16, 18).

For relief, plaintiff requests that the Court issue an order requiring that the ODRC send plaintiff to the Ortho Clinic for a consult and to receive surgery; that plaintiff receive pain medication; that plaintiff be transferred to the Franklin Medical Center; that an appointment be scheduled to remove his cardiac heart monitor; and that defendant Clagg arrange for a different

doctor to treat plaintiff. (*Id.* at 13, PageID 13). Plaintiff also seeks compensatory damages. (*Id.*).

Liberally construed, plaintiff has stated an Eighth Amendment claim for deliberate indifference to serious medical needs against defendant Dr. Ahmed. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that this claim is deserving of further development and may proceed at this juncture. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

However, plaintiff's remaining claims must be dismissed. First, plaintiff fails to state a claim for relief under § 1983 against defendant ODRC. Title 42 U.S.C. § 1983 provides that "[e]very person who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. A department of corrections is not a "person" subject to suit under 42 U.S.C. § 1983. *See Parker v. Michigan Dept. of Corrections,* 65 F. App'x. 922, 923 (6th Cir. 2003). Accordingly, plaintiff's claims against defendant ODRC should be dismissed.

Second, plaintiff's claims against the remaining defendants are subject to dismissal because the claims are based on a theory of *respondeat superior*, which does not apply to § 1983 claims and may not serve as a basis for liability. *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Section 1983 liability is

5

premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff's claims against defendants Clagg, Morgan, Hudson, and Mohr all rely on these defendants' supervisory positions or their failure to respond to plaintiff's complaints about his treatment. The mere fact that defendants hold supervisory positions at SOCF or failed to respond to plaintiff is not enough to impose liability on them under section 1983. Therefore, plaintiff's claims against these defendants should be dismissed.

Accordingly, in sum, plaintiff has stated a claim for relief under the Eighth Amendment for deliberate indifference to serious medical needs against defendant Dr. Ahmed and this claim may proceed. Having found that plaintiff has failed to state a claim for relief against the remaining defendants, these claims should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's claims against defendants Rosie Clagg, Donald Morgan, Stuart Hudson, Gary Mohr, and the Ohio Department of Rehabilitation and Corrections be **DISMISSED**.

## IT IS THEREFORE ORDERED THAT:

The United States Marshal shall serve a copy of the complaint, summons, and this order upon defendant Faisal Ahmed as directed by plaintiff. All costs of service shall be advanced by the United States.

Plaintiff shall serve upon defendant or, if appearance has been entered by counsel, upon defendant's attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the clerk of court a certificate stating the date a true and correct copy of any document was mailed to

defendant or counsel.   Any paper received by a district judge or magistrate judge which has not

been filed with the clerk or which fails to include a certificate of service will be disregarded by the

court.

Plaintiff shall inform the Court promptly of any changes in his address which may occur

during the pendency of this lawsuit.


Date: _10/3/14_

_Karen L. Litkovitz_
Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

HAROLD COUCH,
    Plaintiff,

vs

FAISAL AHMED, et al.,
    Defendants.

Case No. 1:14-cv-751

Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.   That period may be extended further by the Court on timely motion by either side for an extension of time.   All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.   A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

8