UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HAROLD COUCH,
    Plaintiff,

vs.

FAISAL AHMED,
    Defendant.

Case No. 1:14-cv-00751
Black, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

Plaintiff Harold Couch, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this pro se civil rights action against defendant Faisal Ahmed.[1] Plaintiff alleges that defendant Ahmed, a medical doctor at SOCF, violated his constitutional rights by failing to provide him with medications and access to medical procedures that are essential to the treatment of plaintiff's various medical conditions. This matter is before the Court on plaintiff's motion for a "preliminary permanent injunction and/or protective order."[2] (Doc. 21).

## I. Plaintiff's motion for preliminary injunction

Plaintiff filed his motion for preliminary injunctive relief on May 26, 2015. (Doc. 21). Plaintiff seeks an injunction "holding that [Dr. Ahmed] cannot prevent [p]laintiff from receiving the proper medical attention necessary" for the treatment of his medical conditions and a Court order directing: (1) that plaintiff be transferred to Franklin Medical Center, the main hospital in the ODRC system, and (2) that he be brought before the Court so that the Court can observe his condition and he can present his claims against Dr. Ahmed in person. (Id.).

---

[1] Plaintiff also brought claims against defendants Rosie Clagg, Donald Morgan, Stuart Hudson, Gary Mohr, and the Ohio Department of Rehabilitation and Correction (ODRC). (Doc. 3). However, the claims against these defendants have been dismissed. (Doc. 7).
[2] Although plaintiff's motion is captioned in this manner, plaintiff clarified in the motion that he is seeking only a preliminary injunction. (Doc. 21 at 4). The Court will therefore construe plaintiff's motion as a request for preliminary injunctive relief only.

Plaintiff premises his motion for preliminary injunction on acts and omissions of Dr. Ahmed dating back to October 2012, shortly after plaintiff arrived at SOCF. Plaintiff alleges that Dr. Ahmed has refused to provide needed medical care for plaintiff's well-established health problems and has verbally abused plaintiff since that time. (*Id.* at 1-6). Plaintiff alleges that Dr. Ahmed has discontinued or refused to provide necessary medications to plaintiff, including his spinal pain medication, Phenobarbital for seizures, and nitroglycerin, without which plaintiff is afraid to perform normal daily activities. (*Id.* at 2). Plaintiff also alleges he has not been prescribed any medication for an asthma condition. (*Id.* at 6). Plaintiff asserts that defendant confiscated a cane plaintiff required for balance until he was ordered to return it to plaintiff, and he refuses to supply plaintiff with a wheelchair which plaintiff requires to maintain mobility. (*Id.* at 3). Plaintiff further contends that Dr. Ahmed twice admitted him to the infirmary and placed him on a clear liquid diet for no reason. (*Id.*). Plaintiff alleges that he fears Dr. Ahmed and will not see him as a result of Dr. Ahmed's actions and refusal to treat plaintiff. (*Id.*).

Plaintiff has submitted some hospital admission and medical billing records from a June 2014 hospitalization at The Ohio State University Wexner Medical Center ("OSU Medical Center") in support of his allegations. (Doc. 21 at 10-14, Exhs. C, D).[3] Plaintiff has also submitted a supporting affidavit.[4] (*Id.* at 8-9, Ex. A). Plaintiff makes the following averments in his affidavit: Dr. Ahmed began verbally abusing plaintiff when he sought medical advice following his arrival at SOCF in October 2012. (*Id.*, Exh. A., ¶ 1). When plaintiff needs to visit the medical clinic, Dr. Ahmed disrepects plaintiff verbally for no legitimate reason. (*Id.*, ¶ 4). Dr. Ahmed has refused to provide plaintiff with medications prescribed by other doctors, and as

---

[3] Although he has submitted some medical records, plaintiff alleges that he has been denied copies of medical records and is unable to submit exhibits and evidence for the Court's review. (*Id.* at 4; Doc. 26 at 3).
[4] Defendant alludes to the fact that the affidavit is not notarized. (Doc. 24 at 3). The affidavit is, however, sworn under penalty of perjury and therefore can be used as evidence to support plaintiff's allegations. 28 U.S.C. § 1746. *See also Stewart v. Wilkinson*, No. 2:03-cv-0687, 2009 WL 1322307, at *2 (S.D. Ohio May 8, 2009).

2

a result plaintiff had to be "rushed by ambulance due to untreated medical complications[.]" (*Id.*, ¶ 2). Dr. Ahmed has also discontinued medications that plaintiff requires, including pain medication for spinal stenosis with symptoms of pain, numbness, paresthesia and loss of motor control, without a valid reason. (*Id.*, ¶ 5). Dr. Ahmed cancels plaintiff's appointments to see specialists or directs medical staff not to include the appointments in plaintiff's file in order to save the State money. (*Id.*, ¶ 3). Dr. Ahmed ignored a recommendation made while plaintiff was at the OSU Medical Center that plaintiff undergo spinal surgery as soon as possible or else he would face paralysis or other catastrophic consequences. (*Id.*, ¶ 6). Dr. Ahmed's refusal to provide medical care to treat plaintiff's serious medical needs has caused plaintiff unnecessary pain, has made performing basic activities like eating or sleeping very difficult, and has caused continuing deterioration in plaintiff's spinal cord condition to the point where plaintiff is barely able to walk unaided. (*Id.*, ¶ 7). Plaintiff misses meals because of the pain he is experiencing and has lost weight as a result of Dr. Ahmed's abuse. (*Id.*).

In response, defendant asserts plaintiff is not entitled to injunctive relief because his motion is essentially a "rehash" of his complaint. (Doc. 24 at 1). Defendant argues that plaintiff bases his request for injunctive relief on issues with Dr. Ahmed that purportedly have been ongoing since 2012, and plaintiff has not shown there is an immediate risk of injury.[5] (*Id.* at 3). Further, defendant contends that plaintiff's filings document trips in an ambulance, visits to the medical clinic, and treatment at the OSU Medical Center, thus proving plaintiff has received a significant amount of medical care and is housed in the prison medical center when necessary. (*Id.* at 3-4). Defendant argues that plaintiff's allegations and medical records demonstrate

---

[5] Defendant contends that plaintiff's request for injunctive relief does not satisfy the requirements of Fed. R. Civ. P. 65(b)(1)(A) and that plaintiff's motion does not include "specific facts . . . [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." (Doc. 24 at 3). Rule 65(b)(1)(A) applies only to temporary restraining orders issued to the adverse party without notice and therefore is inapplicable here.

3

nothing more than a disagreement about the medical treatment plaintiff has received, which is insufficient to warrant injunctive relief. (*Id*. at 4). Defendant contends plaintiff has not demonstrated a need to be transferred to the Franklin Medical Center for specific treatment or to appear in person before the Court. (*Id*. at 8).

**II. Preliminary injunction standard**

A party to a lawsuit may seek injunctive relief pursuant to Fed. R. Civ. P. 65 if he believes he will suffer irreparable harm or injury while the suit is pending. In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;
2. Whether the movant will suffer irreparable harm absent the injunction;
3. Whether a preliminary injunction would cause substantial harm to others; and
4. Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner,* 228 F.3d 729, 736 (6th Cir. 2000); *Overstreet v. Lexington-Fayette Urban Cty. Gov.*, 305 F.3d 566, 573 (6th Cir. 2002). These four factors are not prerequisites to relief but are factors to be weighed in deciding whether to grant or deny injunctive relief. *Leary*, 228 F.3d at 736 (citations omitted). The Court need not make specific findings as to each of the four factors if fewer than all factors are dispositive of the preliminary injunction motion. *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003).

A preliminary injunction is an extraordinary remedy that should be granted only if the movant carries his burden of proving that the circumstances clearly demand it. *Leary,* 228 F.3d at 739 (citations omitted); *Overstreet*, 305 F.3d at 573. "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of

litigation, weighs heavily against a claim of irreparable harm." *Babler v. Futhey,* 618 F.3d 514, 523-24 (6th Cir. 2010) (citing *Sampson v. Murray*, 415 U.S. 61, 90 (1974)).

When a prisoner requests an order enjoining a state prison official, the Court must "proceed with caution and due deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n. 3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)). In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-cv-379-HRW, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)). "Serious health risks alone" are not sufficient to entitle a prisoner to injunctive relief. *Rhinehart v. Scutt*, 509 F. App'x 510, 513 (6th Cir. 2013).

## III. Plaintiff is not entitled to a preliminary injunction.

The record before the Court does not show that the balance of factors weighs in favor of granting a preliminary injunction. First, plaintiff has not provided sufficient evidence to show there is a strong likelihood of success on the merits of his claim against Dr. Ahmed. *Leary*, 228 F.3d at 736. Prison officials violate the Eighth Amendment when they act with deliberate indifference to the serious medical needs of a prisoner. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). To establish an Eighth Amendment claim, a plaintiff must show that the "alleged mistreatment was objectively serious" and that the official "subjectively ignored the risk to the inmate's safety." *Rhinehart*, 509 F. App'x at 513 (citing *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011)). In the preliminary injunction context, a prisoner's disagreement with the adequacy of treatment by prison medical professionals does not suffice to establish a likelihood of success on the merits. *Id.*

5

(citing *Estelle*, 429 U.S. at 106; *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995)). Thus, when a prisoner has received medical care, the prisoner will not as a general rule be able to establish deliberate indifference to his medical needs. *Rhinehart*, 509 F. App'x at 513-14 (citing *Westlake v. Lucas*, 537 F.3d 857, 860 (6th Cir. 1976)).

According to plaintiff's allegations and the limited medical records on file, plaintiff has received significant medical care for his conditions, including treatment with medication, cardiac care, imaging services and physical therapy, at the OSU Medical Center and Franklin Medical Center. (*See* Doc. 3 at 6-7; Doc. 21, Exhs. C, D- plaintiff received services, including an MRI of the spine, at the OSU hospital in 2014; Doc. 11- according to a Notice of Change of Address plaintiff filed in December 2014, he had been temporarily housed and had been receiving physical therapy at the Franklin Medical Center for two weeks and would remain there for an indeterminate period of time). In light of plaintiff's allegations and evidence regarding the medical care he has received, plaintiff has not shown a strong likelihood of success on the merits of his claim that Dr. Ahmed has been deliberately indifferent to his medical needs. *Rhinehart*, 509 F. App'x at 513-14. Accordingly, the first factor weighs against the grant of a preliminary injunction.

The second factor - whether plaintiff will suffer irreparable harm in the absence of a preliminary injunction - likewise does not weigh in plaintiff's favor. "To demonstrate irreparable harm, [plaintiff] must show that . . . [he] will suffer 'actual and imminent' harm rather than harm that is speculative or unsubstantiated." *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006) (citations omitted). Plaintiff has failed to carry his burden. Plaintiff's allegations that defendant will continue to deny him access to medical care and that his conditions will deteriorate absent a preliminary injunction are "speculative and unsubstantiated."

6

*See Abney*, 443 F.3d at 552. The record shows that plaintiff has continued to receive medical care during his incarceration at SOCF despite his claim that Dr. Ahmed has shown deliberate indifference to his medical needs. Moreover, plaintiff has not made specific allegations or produced evidence showing he requires immediate medical treatment at Franklin Medical Center. In addition, plaintiff is able to present his claims against Dr. Ahmed and to receive a fair hearing on those claims without personally appearing before the Court. Therefore, plaintiff has failed to demonstrate that irreparable harm will result absent the grant of a preliminary injunction.

The third factor relevant to the preliminary injunction analysis - whether a preliminary injunction will cause substantial harm to others - does not warrant a grant of preliminary injunctive relief to plaintiff. "[T]he third factor refers to the balance of equities between the movant and other parties, not just third parties to the litigation." *Rhinehart,* 509 F. App'x at 515 (citations omitted). The Court must balance the plaintiff's interest in receiving medical care for a health condition against the interest of defendant and prison officials in prison administration and the management of prisoners' medical procedures. *Id.* at 516. The equities do not tip in plaintiff's favor here given his failure to demonstrate a likelihood of irreparable harm absent a grant of preliminary injunctive relief.

Plaintiff has not addressed the fourth factor of the preliminary injunction analysis, which is whether the public interest supports a preliminary injunction. However, it is clear that "the public interest in leaving the administration of state prisons to state prison administrators" weighs against granting preliminary injunctive relief in this case. *Id.* Absent a "likely constitutional violation, . . . separation of powers and federalism strongly discourage [this Court] from entangling [itself] in the administration of state prison health care systems." *Id.* (citing

7

*Turner v. Safley*, 482 U.S. 78, 84-85 (1987); *Bell v. Wolfish*, 441 U.S. 520, 544 (1979); *Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1973)).

Finally, a preliminary injunction is not warranted here because the purpose of a preliminary injunction would not be served by granting the relief plaintiff requests. "The purpose of pretrial injunctive relief is 'to preserve the relative positions of the parties until a trial on the merits can be held.'" *Id.* at 512 (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). Plaintiff does not seek to preserve the status quo. Instead, he seeks to obtain affirmative relief in the form a transfer to Franklin Medical Center and a writ directing that he be brought before the Court. Such affirmative relief does not serve the purpose of a preliminary injunction.

In conclusion, plaintiff has not produced sufficient evidence to warrant the grant of a preliminary injunction. Plaintiff has not shown that there is a strong likelihood of success on the merits; that without the requested injunction, irreparable harm would result to plaintiff or others; or that the public interest would be served through the issuance of a preliminary injunction. Nor does plaintiff seek to preserve the status quo. For these reasons, the motion for preliminary injunction should be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion for preliminary injunction (Doc. 21) be **DENIED**.

Date: 9/1/15

Karen L. Litkovitz
United States Magistrate Judge

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HAROLD COUCH,
    Plaintiff,

Case No. 1:14-cv-00751
Black, J.
Litkovitz, M.J.

vs.

FAISAL AHMED.
    Defendant.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).