UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HAROLD COUCH,
Plaintiff,

Case No. 1:14-cv-00751
Black, J.
Litkovitz, M.J.

vs.

FAISAL AHMED,
Defendant.

**ORDER**

Plaintiff Harold Couch, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this pro se civil rights action against defendant Faisal Ahmed, a medical doctor at SOCF. The matter is before the Court on plaintiff's motion to compel discovery. (Doc. 27). Plaintiff moves the Court to compel production of all relevant, non-privileged documents that are within the custody and control of the Ohio Department of Rehabilitation and Correction (ODRC) and are responsive to Request No. 2 from Plaintiff's First Request for Production of Documents, which plaintiff served on defendant on April 1, 2015. (Doc. 27, Exh. B). Specifically, plaintiff seeks copies of his ODRC medical records as opposed to an opportunity to review the records or summaries and take notes. Plaintiff also seeks copies of his treatment records from Franklin Medical Center, Pike County Hospital and The Ohio State University hospital. Plaintiff has attached documentation to his motion that shows defendant served his responses to the Request for Production of Documents on plaintiff on May 6, 2015. (*Id.*, Exh. A). Defendant responded that medical records from other facilities were not in defendant's possession and plaintiff was free to contact prison medical staff to review his medical records from Franklin Medical Center. (*Id.*). Plaintiff alleges he responded to defendant's objections and proposed to modify certain

requests to address defendant's concerns. (Doc. 27 at 2). Plaintiff contends defendant has chosen to stand by the objections he raised in his response to plaintiff's document request. (*Id.*).

Defendant argues in opposition to the motion to compel that plaintiff's motion should be denied for two reasons. (Doc. 29). First, defendant contends that plaintiff did not comply with the requirements of Fed. R. Civ. P. 37 and S.D. Ohio Civ. Rule 37 by conferring or attempting to confer with defendant prior to filing the motion and by including a good faith certification in his motion. Second, defendant alleges that plaintiff was temporarily denied access to his records while he was being treated for an injury, and defendant posits that restored access to the records will likely resolve plaintiff's request for relief.

In reply, plaintiff alleges that he conferred with counsel numerous times before filing his motion and asked counsel to provide him with a number of items that are in defendant's possession. (Doc. 31). Plaintiff has also submitted a response to defendant's objections to his document request which he served on counsel on May 14, 2015, before filing his motion to compel. (Doc. 31). In his response, plaintiff alleged that all of the medical records he sought were in his prison medical file and he was in the process of submitting a motion to compel. (*Id.*). Plaintiff also made additional document requests.

Pursuant to Fed. R. Civ. P. 37, motions to compel discovery must include a certification that extrajudicial attempts have been made to secure responses to discovery requests. Rule 37(a)(1) provides: "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Such a motion "*must* include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* (emphasis added). Similarly, S.D. Ohio Civ. R. 37.1 provides that motions relating

2

to discovery "shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences...."

Plaintiff's motion fails to include the necessary certification that plaintiff conferred or attempted to confer with defendant's counsel about the instant discovery dispute prior to filing his motion to compel with the Court. "The obligation of counsel to meet and confer to resolve differences as to discovery disputes is a requirement of the Federal Rules of Civil Procedure as well as of the Local Rules of this Court." *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, No. 2:07-cv-116, 2010 WL 1445171, at *2 (S.D. Ohio April 12, 2010) (citing Fed. R. Civ. P. 37(a)(1); S.D. Ohio Civ. R. 37.1). *See also Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 240 (S.D. Miss. 2001) ("This prerequisite [of a good faith certificate] is not an empty formality. On the contrary, it has been the Court's experience that obliging attorneys to certify to the Court that they have conferred in good faith results, in a large number of cases, in resolution of discovery disputes by counsel without intervention of the Court."). The Court will therefore deny plaintiff's motion for failure to show compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court.[1]

**IT IS THEREFORE ORDERED THAT:**

Plaintiff's motion to compel discovery (Doc. 27) is **DENIED**.

Date: 9/2/15

Karen L. Litkovitz
United States Magistrate Judge

---

[1] Having determined that plaintiff failed to satisfy the requirements of Fed. R. Civ. P. 37 and S.D. Ohio Civ. R. 37.1, the Court need not decide whether the requested discovery is outside the scope of Fed. R. Civ. P. 26.