UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HAROLD COUCH,
    Plaintiff,

vs.

FAISAL AHMED,
    Defendant.

Case No. 1:14-cv-751
Black, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

Plaintiff was granted leave to proceed *in forma pauperis* and to file the pro se complaint in this matter on October 6, 2014, while he was incarcerated at the Southern Ohio Correctional Facility.[1] (Doc. 2). On February 19, 2016, defendant Faisal Ahmed, the only defendant remaining in the lawsuit, filed a motion for summary judgment. (Doc. 47). The Court issued a Notice to plaintiff on February 24, 2016, advising him that failure to file a memorandum in response to the motion within the time allotted may warrant dismissal of the case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. (Doc. 48). After plaintiff failed to timely file a response to the motion, the Court issued an Order to Show Cause on May 27, 2016. (Doc. 49). The Court reiterated that failure to respond to the motion may warrant dismissal of the lawsuit for failure to prosecute. The Court granted plaintiff 15 days from the date of the Order to show cause in writing why the case should not be dismissed for lack of prosecution. (*Id.*). Plaintiff has not responded to either the motion for summary judgment or the Order to Show Cause to

---

[1] Plaintiff subsequently filed several Notices of Change of Address with the Court, with the most recent being a notice providing a new apartment address filed on December 17, 2015. (Doc. 41). The Court and defendant have mailed all documents since that date to the address plaintiff provided in the notice.

date.

Plaintiff's failure to respond to the Court's Order to Show Cause warrants dismissal of the case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. *See Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991). District courts have this power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). *See also Jourdan*, 951 F.2d at 109.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be **DISMISSED** with prejudice pursuant to Fed. R. Civ. P. 41(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 6/21/16

Karen L. Litkovitz
United States Magistrate Judge

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HAROLD COUCH,
Plaintiff,

Case No. 1:14-cv-751
Black, J.
Litkovitz, M.J.

vs.

FAISAL AHMED,
Defendant.

NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).